UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| **BAKER PACKING COMPANY,**<br><br>    **Plaintiff**<br><br>vs.<br><br>**SAVORY SWEET, L.L.C.,** *et al.,*<br><br>    **Defendants.** | Case No.:  1:12-cv-00309-EJL<br><br>**ORDER ON PRELIMINARY INJUNCTION** |

Before the Court in the above-entitled matter is Plaintiff's Motion for Preliminary Injunction filed pursuant to Federal Rule of Civil Procedure 65(a). The Court held a hearing on the Motion for Monday, July 2, 2012 at 9:30 a.m. at which time Counsel for the Plaintiff appeared. Defendants failed to appear, despite having been properly served with notice of this hearing. (Dkt. 7, 8.) The Court finds as follows.

**PROCEDURAL HISTORY**

On or about June 18, 2012, Plaintiff, Baker Packing Company ("Baker Packing") commenced this action against Defendants, Savory Sweet, L.L.C. ("Savory Sweet") and Nancy Carter, seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c) ("PACA"). (Dkt. 1.)  As part of its action, Baker Packing sought injunctive relief against

Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA trust. (Dkt. 2.)

On June 20, 2012, this Court issued an Order concerning Baker Packing's Ex-Parte Motion for Temporary Restraining Order (Dkt. 6) which states:

> "Defendants Savory Sweet, its officers (including Defendant, Nancy Carter), agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Savory Sweet are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the trust provisions of PACA without Baker Packing's agreement, order of the Court, or until Defendants pay Plaintiff the sum of $58,403.25 by cashiers check or certified check."

The Order further set a hearing for entry of a Preliminary Injunction and Baker Packing was directed to serve the Defendants accordingly. (Dkt. 6.) Defendants have now been personally served with those pleadings and have failed to appear at the hearing set on this Motion. (Dkt. 7, 8.)

## FINDINGS

Based upon Baker Packing's pleadings, the Affidavit of Bill Trask and other supporting documents, the Court finds that Savory Sweet purchased $58,403.25 of perishable agricultural commodities in interstate commerce from Baker Packing; that Baker Packing provided Savory Sweet proper notice of intent to preserve trust benefits; and, that Savory Sweet failed to pay Baker Packing for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c). This Court has jurisdiction pursuant to 7 U.S.C. § 499(c)(5).

**ORDER - 2**

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A..BMH Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). They are governed by Federal Rule of Civil Procedure 65(a). While courts are given considerable discretion in deciding whether a preliminary injunction should enter, injunctive relief is not obtained as a matter of right and it is considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Sampson v. Murray,* 415 U.S. 61 (1974)*; Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.,* 363 U.S. 528 (1960); and *Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

The Supreme Court clarified the standard for a preliminary injunction requires a plaintiff to show "[1] a likelihood of success on the merits, [2] likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the public interest.*" Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (citations omitted). No longer are plaintiffs granted the presumption of irreparable harm upon a showing of a likelihood of success on the merits. *Jacobsen v. Katzer*, 609 F.Supp.2d 925, 936 (N.D. Cal. 2009). The Ninth Circuit recently recognized the applicability of the *Winter* decision in this Circuit stating the rule as: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See*

ORDER - 3

*American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir 2009) (quoting *Winter*, 129 S.Ct. at 374).

Having considered the Motion, supporting memorandum and affidavits, as well as the entire record herein, the Court finds Baker Packing has established a strong likelihood of success on the merits of its PACA claim against Defendants and that imminent irreparable injury is likely to result if injunctive relief against Defendants is not ordered pending further court proceedings. Furthermore, Defendant has not responded and failed to appear at the hearing to offer any evidence to the contrary. Baker Packing has offered evidence that Defendants have dissipated the PACA trust by failing to maintain sufficient "freely available" assets to satisfy Baker Packing's PACA trust claim. The Affidavit of Bill Trask establishes that Baker Packing sold $58,403.25 in perishable agricultural commodities to Defendants between March 21, 2012 and April 23, 2012. (Dkt. 2-3 at ¶ 5.) Said produce was delivered to Defendants and no payment has been rendered by Defendants to Baker Packing. Mr. Trask states that he began researching Defendants' ability to pay its delinquent account and the "information that [he has] discovered has lead [him] to believe that Savory Sweet does not have sufficient funds to fully satisfy Baker Packing'[s] PACA trust claim in full as required by PACA." (Dkt. 2-3 at ¶ 10.) Baker Packing has made other efforts to obtain payment from Defendants resulting in some limited communication exchanges in May but not payment of all of the overdue invoices. Mr. Trask represents that Defendants are undergoing financial problems and in the process of closing Savory Sweet's branch office located in Parma, Idaho. (Dkt. 2-3 at ¶ 17.) On June 8, 2012 Defendant Nancy Carter emailed Baker Packing concerning

**ORDER - 4**

Savory Sweet's troubled financial condition. (Dkt. 2, Ex. G.) Upon this basis, Mr. Trask states his belief that Defendants have failed to maintain sufficient trust assets to satisfy it obligations to Baker Packing and is dissipating PACA trust assets. (Dkt. 2-3 at ¶ 21.)

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers. *See* 7 U.S.C. § 499e(c)(2). Congress has recognized that irreparable harm occurs if PACA trust assets are dissipated as it is almost impossible for a beneficiary, such as Baker Packing, to obtain recovery once there has been dissipation from the trust. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990) (citing legislative history). The Court finds the evidence concerning dissipation of assets subject to the PACA trust appear to be sufficient to warrant the relief requested and granted in this Order. Accordingly, the Court concludes that a Preliminary Injunction should be issued.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Baker Packing's Motion for Preliminary Injunction (Dkt. 3) is **GRANTED** and a Preliminary Injunction is entered as follows:

1. Savory Sweet, its officers (Nancy Carter), agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Savory Sweet are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the trust provisions of PACA without Baker Packing's agreement, further order of the Court, or until Defendants pay Plaintiff the sum of $58,403.25 by cashiers or certified check. If Defendants submit such payment, Baker Packing shall immediately notify the Court of said payment, at which time the Court will dissolve this Order.

2. Under 7 U.S.C. §499e(c)(2), the assets subject to this Order include all of Savory Sweet's assets, including but not limited to, any and all bank accounts at any and all financial institutions, including but not limited to those accounts at U.S. Bank, unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

3. Baker Packing is not required to post a bond before this Order is effective. The $58,403.25 in PACA trust assets belonging to Baker Packing and in the possession of Savory Sweet will serve as Baker Packing's security for this injunction as required by FRCP 65(c).

4. Until further order from this Court, Savory Sweet shall have an affirmative obligation to maintain all documents related to all sales of produce and all payments received. Any proceeds of receivables shall be held in trust pending further Order of this Court.

5. Upon receipt of this Order, Savory Sweet shall serve a copy of this Order on all banking or financial institutions with which Savory Sweet conducts business, or any person or entity, including all banking or financial institutions, who may be holding assets for or on behalf of it.

6. Within five (5) days after the entry of this Order, Savory Sweet shall provide a detailed listing of the following to Baker Packing's counsel:
   a. All outstanding accounts receivable;
   b. Accounts payable;
   c. All other assets held in the name of Savory Sweet;
   d. All lawsuits currently pending instituted by or filed against Savory Sweet;
   e. Savory Sweet's cash, checks, deposits or other monies in its possession or control; and
   f. All financial institutions where Savory Sweet has had an account within the past one year.

7. This Order is binding upon the parties to this action, banking and financial institutions, and all other persons or entities who receive actual notice of this Order by personal service, including facsimile transmission or federal express.

8. This Order continues in full force and effect, except upon further Order of this Court.

9. This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

**ORDER - 6**

10. Baker Packing shall serve Defendants, or their resident agent or counsel, with a copy of this Order by personal service, including by facsimile transmission or federal express; and shall file a proof of service of the same.

DATED: **July 2, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 7**